**Palwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74166.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, William J. Schneider, Esq., USPO—Office of the U.S. Attorney, Portland, ME, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Palwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We review petitioner's claims for substantial evidence.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**622**

*Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny in part, and grant in part and remand the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between petitioner's testimony, applications, and statements to an asylum officer, and questions regarding her entry into the United States and her identity. *See id.* at 1043–45; *see also Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioner failed to demonstrate that she is eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah,* 348 F.3d at 1156.

Because petitioner raised a Convention Against Torture ("CAT") claim to the BIA in her opening brief, and the BIA failed to address petitioner's CAT claim, we grant the petition and remand to the BIA to consider this claim. *See Mihalev v. Ashcroft,* 388 F.3d 722, 731 (9th Cir.2004); *see also INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**