**Palwinder KAUR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–71108.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 19, 2010.

Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Stuart S. Nickum, Colette J. Winston, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

MEMORANDUM **

Palwinder Kaur, a native and citizen of India, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo claims of due process violations, *Iturribarria v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

On July 26, 2006, the court issued a memorandum disposition that concluded substantial evidence supported the agency's adverse credibility finding, and, thus, that Kaur's asylum and withholding of removal claims failed. *See Kaur v. Gonzales,* 192 Fed.Appx. 621 (9th Cir.2006). The court remanded Kaur's CAT claim because the BIA did not address it. On remand, the BIA denied Kaur's CAT claim and Kaur petitions for review of that decision.

Even if Kaur properly raised her CAT claim to the BIA, substantial evidence supports the BIA's denial of the claim because it is based on the same testimony found to be not credible and Kaur points to no evidence to show a clear probability of torture if she is returned to India. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

We reject Kaur's contention that the BIA violated her due process rights by not remanding her CAT claim to the immigration judge because Kaur did not file a motion for remand, or otherwise indicate the need for further fact-finding, but instead rested her argument solely on her testimony. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process claim petitioner must show error and prejudice); 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.").

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.